**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **CARLOS ROMIOUS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     Case No.  04-3182-CV-S-RED |
| | ) |
| **CITY OF SPRINGFIELD, MISSOURI, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

NOW before the Court is Plaintiff's Notice of Unsealed Response to Court's April 18, 2004 Show Cause Order (Doc. 108).  After being advised by Plaintiff that "D. Carlos Romious," the name in which the filings for this case have been signed, was a fictitious name, the Court discussed this matter with counsel in a phone conference and subsequently issued an Order to Show Cause why Plaintiff's Complaint and other filings comported with the requirements of Federal Rule of Civil Procedure Rule 11.  Rule 11 (a) regarding signatures states in pertinent part that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name. . .."

Plaintiff has responded to this request in a timely manner. One of the reasons this issue was not immediately brought to the Court's attention upon the filing of the Complaint is that "D. Carlos Romious" appears on its face to be the individual name of Carlos Romious.  However, in Plaintiff"s Motion for an Order to Show Cause why Defendants refer to Plaintiff as Pro Se Litigant (Doc. 56) and the related filings, Plaintiff Carlos Romious has made it clear to the court that "D. Carlos Romious" is not his individual name, but a fictitious name registered by a limited liability corporation known as C.D. Romious Law Firm, L.L.C. which now appears to be known as The

Romious Group, L.L.C.

Plaintiff has provided proof to the court that his Missouri Bar Registration is held in this fictitious name. This seems unusual, but is not significant to the issue before this court other than to support Plaintiff's good faith belief that his pleadings are signed properly. The Court understands that this issue has far reaching effects on Plaintiff, since he has used this fictitious name to sign pleadings in other cases in both state and federal court.

The long and short of this issue is very simple. Can a fictitious name and related fictitious signature satisfy the requirement of Rule 11 that pleadings be signed by an attorney of record in the attorney's individual name? Giving words their normal meaning and considering the obvious objective of Rule 11 of making attorneys personally responsible for their pleadings, this court believes the answer is clearly "no." A fictitious name does not equate to an individual name. It is the court's further conclusion that any name other than the required individual name is the equivalent of no name and must be corrected as set forth in Rule 11.

The failure to comply with Rule 11 has been made known to Plaintiff in this court's prior order (Doc. 108). Plaintiff has chosen to challenge this court's interpretation of the Rule rather than correct the signature on his pleadings and motions for failure to comply with Rule 11(a).

The court recognizes Plaintiff's good faith belief that he has signed his pleadings properly and the fact that he went to the care of getting his fictitious name registered with the Missouri Bar. The closeness of Plaintiff's individual name "Carlos Romious" to his fictitious name "D. Carlos Romious" seems harmless enough in a general sense and the distinction could certainly be overlooked as referring to the same person. However, Plaintiff has made this distinction an issue in this case and backed it up with proof that the name "D. Carlos Romious" is a registered fictitious

name. Plaintiff obviously wants this name to have a separate legal status from his individual name and the court recognizes the distinction. Plaintiff argued in the phone conference that law firms regularly use fictitious names, however, it is this court's experience that while the signature block may contain the name of a law firm, there is always the signature of an individual attorney in his or her individual name.

Plaintiff has declined to correct the signatures on his pleadings as allowed in the Court's Order to Show Cause (Doc. 108) and, therefore, the Court now has no choice but to strike all pleadings and motions on file, including the Complaint. Accordingly, Plaintiff's **Complaint is hereby DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATE: May 6, 2005  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT